UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **CHRISTOPHER XENOS,** | ) |
| | ) **Case No.:** |
| Plaintiff**,** | ) |
| | ) **COMPLAINT AND DEMAND** |
| v. | ) **FOR JURY TRIAL** |
| | ) |
| **ABILITY RECOVERY SERVICES, INC.,** | ) |
| | ) **(Unlawful Debt Collections** |
| Defendant. | ) **Practices)** |
| | ) |

## COMPLAINT

CHRISTOPHER XENOS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ABILITY RECOVERY SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Further, Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

4. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Tamarac, Florida 33321.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a national debt collection company with its corporate headquarters located at 1 Montage Mtn Rd., Moosic, Pennsylvania 18507.

10. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number.

15. Plaintiff has had this cellular telephone number for over one (1) year.

16. Defendant was attempting to collect an alleged debt from Plaintiff that was primarily incurred for personal, family or household purposes.

17. Defendant placed repeated harassing telephone calls to Plaintiff.

18. When Defendant contacted Plaintiff it used an automated telephone dialing system and/or pre-recorded voice.

19. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as Defendant's calls began with a noticeable pause or delay before Plaintiff was transferred to a live collector.

20. Desiring to stop these repetitive calls, Plaintiff spoke to Defendant soon after the calls began and told it stop calling.

21. Once Defendant was notified that the calls were unwanted and to stop, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

22. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

23. Defendant's collectors ignored Plaintiff's request to stop calling and continued to call Plaintiff on a repetitive and continuous basis.

24. Defendant's calls were not made for emergency purposes.

## COUNT I
## **DEFENDANT VIOLATED §1692d and §1692d(5) OF THE FDCPA**

25. A debt collector violates §1692 (d) of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

27. Defendant violated these sections when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone within the one year period preceding the filing of this Complaint despite Plaintiff's request to stop calling.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

30. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

31. Defendant's calls to Plaintiff were not made for emergency purposes.

32. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had to call was revoked, yet Defendant intentionally and knowingly continued to place autodialed calls to Plaintiff's cellular telephone.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHRISTOPHER XENOS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

  h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPHER XENOS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED

Date: 5/8/19     By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Fax: 877-600-2112
Email: aginsburg@creditlaw.com